UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOHN WAYNE LAWRENCE | ) | |
| | ) | |
| v. | ) | No. 1:15-00087 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court are a request for relief under 28 U.S.C. § 2255 (Docket No. 1), filed by the Movant/Petitioner, *pro se;*[1] a supplemental brief (Docket No. 21), filed by counsel for the Petitioner; and the Government's Response (Docket Nos. 11, 22).

For the reasons set forth herein, the request for Section 2255 relief (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, Petitioner pled guilty, pursuant to a Plea Agreement, to the charge in the Indictment, illegal possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 1, 60, 61 in Case No. 1:11-00009). Through the Plea Agreement, the Petitioner agreed that he was an Armed Career Criminal because he had at least three prior convictions for violent felonies, and the parties agreed to a sentence of 180 months of imprisonment. (Docket No. 61 in Case No. 1:11-00009). At sentencing, the Court imposed the

---

[1] Although the Petitioner initiated this action by filing a form entitled "Application For Leave To File A Second Or Successive Motion to Vacate, Set Aside Or Correct Sentence," neither he nor the Government have identified any prior motion for Section 2255 relief. Therefore, the Court treats the Application as Petitioner's initial request for Section 2255 relief.

agreed sentence. (Docket Nos. 65-67 in Case No. 1:11-00009).

## III. Analysis

A. The Petitioner's Claims

The Petitioner claims that his conviction and sentence should be vacated because he no longer qualifies as an Armed Career Criminal, based on Johnson v. United States, 135 S.Ct. 2551 (2015).

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[2] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir.

---

[2] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Johnson v. United States

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), provides, in pertinent part, as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –

3

> (i) has as an element the use, attempted use, or
> threatened use of physical force against the person
> of another; or
>
> (ii) is burglary, arson, or extortion, involves use of
> explosives, *or otherwise involves conduct that
> presents a serious potential risk of physical injury
> to another*. . .

In <u>Johnson</u>, the Supreme Court held that the last clause of the definition, the so-called "residual clause," is unconstitutionally vague. The Court made clear, however, that its holding "does not call into question . . . the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563.

The Government has filed copies of the seven prior convictions identified in Petitioner's Presentence Investigation Report that supported his designation as an Armed Career Criminal:

> (a) Armed Robbery and Carrying a Handgun Without a License – Marion County, Indiana, Case No. 49-G03-9407-CF-082045, sentenced to 6 years and 3 years custody, respectively, on September 1, 1995;
>
> (b) Aggravated Robbery – Rutherford County, Tennessee, Case No. 46656, offense date of November 5, 1998, sentenced to 8 years custody on February 22, 1999;
>
> (c) Aggravated Robbery – Williamson County, Tennessee, Case No. II-1298-401-B, offense date of October 17, 1998, sentenced to 15 years custody, on August 23, 1999;
>
> (d) Aggravated Robbery – Williamson County, Tennessee, Case No. II-1298-402-B, offense date of November 11, 1998, sentenced to 9 years custody, on August 23, 1999;
>
> (e) Aggravated Robbery – Williamson County, Tennessee, Case No. II-1298-410, offense date of November 8, 1997, sentenced to 15 years custody, on August 23, 1999;
>
> (f) Aggravated Robbery – Williamson County, Tennessee, Case No. II-1298-414-B, offense date of November 6, 1998, sentenced to 15 years custody, on August 23, 1999;

> (g) Aggravated Robbery – Williamson County, Tennessee, Case No. II-1298-420-B, offense date of November 12, 1998, sentenced to 9 years custody, on August 23, 1999.

(Docket No. 11-1).

The Judgment for the first conviction listed above indicates that it was based on a violation of Tennessee Code Annotated Section 39-13-402, and the Judgments for the remaining convictions indicate that they were based on a violation of Section 39-13-402(a)(1). Section 39-13-402, last amended in 1989, provides:

> (a) Aggravated robbery is robbery as defined in § 39-13-401:
>
>> (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or
>>
>> (2) Where the victim suffers serious bodily injury.
>
> (b) Aggravated robbery is a Class B felony.

Robbery, as defined in Tennessee Code Annotated Section 39-13-401, is "the intentional or knowing theft of property from the person of another by violence or putting the person in fear."

The Government contends that the Petitioner's convictions qualify as violent felonies under the first clause of the ACCA definition, the "elements (or use-of-force) clause," and therefore, the Johnson decision striking down the "residual clause" does not affect the Petitioner's status as an Armed Career Criminal. The Government cites United States v. Gloss, 661 F.3d 317, 319 (6th Cir. 2011), and subsequent cases, in support.

In Gloss, the Sixth Circuit held that facilitation of aggravated robbery constitutes a "violent felony" under the elements clause of the ACCA. Initially, the court pointed out that a conviction for criminal facilitation in Tennessee requires a showing that the underlying crime,

5

aggravated robbery, actually occurred. 661 F.3d at 318-19. Aggravated robbery, the court explained, requires a showing that the robbery was either accomplished with a deadly weapon (or an article disguised as such) or resulted in the victim suffering serious bodily injury:

> Any robbery accomplished with a real or disguised deadly weapon or that causes serious bodily injury, falls under the first clause of the definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force against the person of another.' 18 U.S.C. § 924(e)(2)(B)(i).

661 F.3d at 319.

Subsequent decisions by the Sixth Circuit have confirmed the Gloss holding that aggravated robbery is a violent felony under the elements clause of the ACCA. See, e.g., United States v. Farrow, 574 Fed. Appx. 723, 732-33 (6th Cir. Aug. 6, 2014). Indeed, in a recent decision, the court pointed out that the Johnson decision does not alter that determination. United States v. Bailey, ___ Fed. Appx. ___, 2015 WL 4257103 (6th Cir. July 15, 2015)(Gloss holding that aggravated robbery is a violent felony under ACCA's elements (use-of-force) clause still controlling).

The Petitioner's six convictions for aggravated robbery more than satisfy the ACCA requirement that an Armed Career Criminal have at least three prior convictions for a violent felony, notwithstanding the Johnson decision. Therefore, Petitioner's contention that he is entitled to vacate his conviction and sentence based on Johnson is without merit.

IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c),

which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE